**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALDO ESPINOSA,<br><br>          Petitioner,<br><br>     v.<br><br><br>FRED FOULK, Warden, High Desert State Prison,<br><br>          Respondent. | Case No. 1:13-cv-01191-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE COURT REMEDIES (DOC. 2), DISMISS PETITIONER'S MOTION FOR A STAY (DOC. 14), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE<br><br><u>OBJECTIONS DEADLINE:</u><br><u>THIRTY (30) DAYS</u> |

Petitioner is a state prisoner proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.  Pending before the Court are the petition and Petitioner's motion for a stay of the proceedings, which were filed on July 30, 2013.

I.   <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears

1

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

        The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  A petition for habeas corpus, however, should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

        Petitioner alleges that he is an inmate of the High Desert State Prison serving a sentence of twenty-five years imposed in the Superior Court of the State of California, County of Merced on January 13, 2008.  Petitioner challenges his conviction and alleges the following claims: 1) the trial court violated his right to due

1  process of law when it failed to inquire concerning an actual

2  conflict of interest that Petitioner's counsel had due to

3  representation of a co-participant in the crime, which adversely

4  affected the representation; 2) Petitioner's right to the effective

5  assistance of counsel was violated by various omissions of trial

6  counsel in the course of investigating the facts of the case and

7  advising Petitioner in connection with his plea of nolo contendere;

8  and 3) appellate counsel's conduct warrants equitable tolling of the

9  statute of limitations.

10        II.   Failure to Exhaust State Court Remedies

11        Because the petition was filed after April 24, 1996, the

12  effective date of the Antiterrorism and Effective Death Penalty Act

13  of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v.

14  Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484,

15  1499 (9th Cir. 1997).

16        A petitioner who is in state custody and wishes to challenge

17  collaterally a conviction by a petition for writ of habeas corpus

18  must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

19  exhaustion doctrine is based on comity to the state court and gives

20  the state court the initial opportunity to correct the state's

21  alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S.

22  722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v.

23  Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

24        A petitioner can satisfy the exhaustion requirement by

25  providing the highest state court with the necessary jurisdiction a

26  full and fair opportunity to consider each claim before presenting

27  it to the federal court, and demonstrating that no state remedy

28  remains available.  Picard v. Connor, 404 U.S. 270, 275-76 (1971);

3

Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

4

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
>
> ...
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Rasberry, 448 F.3d at 1154.

Here, Petitioner states he filed an appeal from the judgment in the Court of Appeal of the State of California, but the appeal was dismissed for counsel's failure to file an opening brief. (Doc. 2-

5

1, 2.)  A motion to recall the remittitur is now pending.  (Id.)

Petitioner states he also filed a petition for writ of habeas corpus

in the Merced County Superior Court, which likewise is pending.

Petitioner states that he has not filed any other applications

regarding his claims, and he has not sought review of any of his

claims in the state's highest court. (Id. at 3.)  Thus, Petitioner

admits that he has not exhausted state court remedies as to any of

the claims stated in the petition before the Court.

Although non-exhaustion of state court remedies has been viewed

as an affirmative defense, it is the petitioner's burden to prove

that state judicial remedies were properly exhausted.  28 U.S.C. §

2254(b)(1)(A);  Darr v. Burford, 339 U.S. 200, 218-19 (1950),

overruled in part on other grounds in Fay v. Noia, 372 U.S. 391

(1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).  If

available state court remedies have not been exhausted as to all

claims, a district court must dismiss a petition.  Rose v. Lundy,

455 U.S. 509, 515-16 (1982).

Here, the petition is premature because Petitioner admits he

has not submitted his claim or claims to the California Supreme

Court for a ruling.  A search of the official website of the

California Supreme Court also reflects no information to show that

Petitioner has presented his claims to the California Supreme Court.

Accordingly, Petitioner has failed to meet his burden of

establishing exhaustion of state court remedies, and the petition

must be dismissed without prejudice [1] for failure to exhaust state

_____

[1] A dismissal for failure to exhaust is not a dismissal on the merits, and
Petitioner will not be barred by the prohibition against filing second habeas
petitions set forth in 28 U.S.C. § 2244(b) from returning to federal court after
Petitioner exhausts available state remedies.  See, In re Turner, 101 F.3d 1323

1  court remedies.

2      III.   Motion for a Stay of the Proceedings

3      Petitioner moves for a stay of the proceedings pending the

4  rulings on his motion for recall of the remittitur in the CCA and

5  his petition in the Merced County Superior Court.

6      A district court has discretion to stay a petition which it may

7  validly consider on the merits.  Rhines v. Weber, 544 U.S. 269, 276

8  (2005); King v. Ryan, 564 F.3d 1133, 1138-39 (9th Cir. 2009).  A

9  petition that contains both exhausted and unexhausted claims (a

10  "mixed" petition) may be stayed to allow a petitioner to exhaust

11  state court remedies either under Rhines, or under Kelly v. Small,

12  315 F.3d 1063 (9th Cir. 2003).  King v. Ryan, 564 F.3d 1133, 1138-41

13  (9th Cir. 2009).  The Court can stay the petition pursuant to Kelly

14  v. Small, 315 F.3d 1063 (9th Cir. 2003), by using a three-step

15

16

17  (9th Cir. 1996).  However, this does not mean that Petitioner will not be subject
   to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d).  Although
18  the limitations period is tolled while a properly filed request for collateral
   review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the
   time an application is pending in federal court, Duncan v. Walker, 533 U.S. 167,
19  172 (2001).  By dismissing this petition without prejudice, the Court is not
   making any determination of timeliness of this petition or any petition filed in
20  the future.

21      Further, the Supreme Court has held as follows:

22      [I]n the habeas corpus context is would be appropriate for
       an order dismissing a mixed petition to instruct an applicant
23      that upon his return to federal court he is to bring only
       exhausted claims.  See Fed. Rules Civ. Proc. 41(a) and (b).
24      Once the petitioner is made aware of the exhaustion
       requirement, no reason exists for him not to exhaust all
25      potential claims before returning to federal court.  The
       failure to comply with an order of the court is grounds for
26      dismissal with prejudice.  Fed. Rules Civ. Proc. 41(b).

27  Slack v. McDaniel, 529 U.S. 473, 489 (2000).

28

                                    7

procedure:  1) the petitioner must file an amended petition deleting the unexhausted claims; 2) the district court will stay and hold in abeyance the fully exhausted petition; and 3) the petitioner will later amend the petition to include the newly exhausted claims. See, King v. Ryan, 564 F.3d at 1135.

Petitioner contends he is entitled to a stay because his case is analogous to the Rhines case.  Rhines, however, involved a mixed petition which included both exhausted and unexhausted claims.  The Court in Rhines emphasized that the AEDPA encouraged state prisoners to seek relief from the state courts in the first instance, and that staying a federal habeas petition undermined the goal of streamlining habeas corpus proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court before filing his federal petition. Rhines, 544 U.S. at 276-77.  The point of Rhines was to permit return to state court to exhaust the claims that remained unexhausted to avoid denial without prejudice of a petition that also contained exhausted claims. Rhines, 544 U.S. at 276-77.

Here, in contrast, there are no exhausted claims in the petition before the Court.  The Court must, therefore, dismiss the petition.  28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. at 521-22; Rasberry v. Garcia, 448 F.3d at 1154;  Jiminez v. Rice, 276 F.3d at 481; Jones v. McDaniel, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (unpublished) (affirming the dismissal of a fully unexhausted petition and denial of a stay because a Rhines stay is available only where at least some of the claims have been exhausted); Burns v. MacDonald, 2012 WL 6517767, *2-*3 (No. 1:12-cv-01820 GSA HC E.D.Cal. Dec. 13, 2012).

Petitioner relies on <u>Jackson v. Roe</u>, 425 F.3d 654, 659 (9th Cir. 2005).  However, the court in <u>Jackson v. Roe</u> noted that although <u>Rhines</u> applies to stays of mixed petitions, the three-step <u>Kelly</u> stay applies to fully exhausted petitions to which additional claims are sought to be added.  The decision in <u>Jackson</u> is not a basis for staying a fully unexhausted petition.

Petitioner also relies on <u>Fetterly v. Paskett</u>, 997 F.2d 1295, 1297 (9th Cir. 1993), a pre-AEDPA capital case holding that the district court abused its discretion in denying a habeas petitioner's request for a stay of his petition to permit petitioner to exhaust his state remedies on newly identified claims regarding the manner in which mitigating and aggravating circumstances were weighed in sentencing.  Petitioner here alleges newly identified issues and alleges that his new claims were not previously known to him.  However, this case may be distinguished from <u>Fetterly</u> because there is no indication that the initially filed petition in <u>Fetterly</u> contained only unexhausted claims.  Instead, the clear implication is that the initially filed petition, which had been prepared and filed by the attorney who had represented the petitioner in the state court proceeding, contained exhausted claims.  <u>Fetterly</u>, 997 F.2d at 1297-98.

Here, it is also clearly alleged that at the time the federal petition was filed, state court proceedings in the form of a motion to recall the remittitur before the Court of Appeal, were pending. This Court will generally abstain from exercising jurisdiction where the state appellate process is incomplete.  Generally, the writ of habeas corpus will not extend to one awaiting trial unless special circumstances exist such that there is an absence of state processes

9

effective to protect a federal right.  See, Ex parte Royall, 117 U.S. 241, 245-254 (1886); Fay v. Noia, 372 U.S. 391, 420 (1963), overruled in part by Wainwright v. Sykes, 433 U.S. 72 (1977) and Coleman v. Thompson, 501 U.S. 722 (1991).

Federal courts will not interfere with pending state criminal proceedings unless petitioner has exhausted all state court remedies with respect to the claim raised.  See, Mannes v. Gillespie, 967 F.2d 1310, 1311-1312 (9th Cir. 1992).  Further, a federal court generally will not enjoin or directly intercede in ongoing state court proceedings absent extraordinary circumstances.  Younger v. Harris, 401 U.S. 37, 40-41, 43-45 (1971); Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972).

Federal courts will abstain if the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords the petitioner an adequate opportunity to raise constitutional claims.  Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  Further, for abstention to be appropriate, the federal court action must enjoin the state proceeding or have the practical effect of doing so by interfering in a way that Younger disapproves.  Gilbertson v. Albright, 381 F.3d 965, 977-78 (9th Cir. 2004) (en banc).  This principle of abstention has been applied to collateral attacks on criminal convictions; federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of a state criminal charge prior to a judgment of conviction by a state court, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973), or even during the time a case is on appeal in the state courts, New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 369 (1989).

10

For purposes of <u>Younger</u> abstention, the critical determination is whether state proceedings were underway at the time the federal action was filed, and state proceedings are deemed ongoing for purposes of <u>Younger</u> abstention until state appellate review is completed.  <u>Steffel v. Thompson</u>, 415 U.S. 452, 462 (1974); <u>Gilbertson v. Albright</u>, 381 F.3d at 969 n.4.  Here, state court appellate proceedings were ongoing at the time the petition was filed.

Although there is no comprehensive definition of circumstances that would warrant an exception to <u>Younger</u> abstention principles, interference in ongoing state proceedings would be appropriate only if is shown that the state has engaged in bad faith or harassment, or perhaps other unusual or special circumstances warranting equitable relief, such as flagrant and patent violations of express constitutional provisions, or a demonstration of irreparable injury. <u>Younger</u>, 401 U.S. at 53-54; <u>Perez v. Ledesma</u>, 401 U.S. 82, 85 (1971); <u>Carden v. Montana</u>, 626 F.2d 82, 83-84 (9th Cir. 1980).  None of the exceptions to the principle of abstention is applicable in this case.

In sum, abstention from the exercise of jurisdiction is appropriate.  However, even if abstention were not appropriate, the petition contains only claims as to which state court remedies have not been exhausted.  Accordingly, it will be recommended that the petition for writ of habeas corpus be dismissed without prejudice to re-filing after Petitioner has exhausted state court remedies, and that the motion for a stay likewise be dismissed.

///

///

IV.   <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented were adequate to deserve encouragement to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, (2) the district court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  <u>Id.</u>  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show the appeal will succeed.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, the Court should decline to issue a certificate of appealability.

V.   Recommendations

In accordance with the foregoing analysis, it is RECOMMENDED that:

1)   The petition be DISMISSED without prejudice for Petitioner's failure to exhaust state court remedies;

2) Petitioner's motion for a stay of the proceedings be DISMISSED;

3)   The Court DECLINE to issue a certificate of appealability; and

4)   The Clerk be DIRECTED to close the case because dismissal will terminate the proceeding in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the
specified time may waive the right to appeal the District Court's
order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

    Dated:   <u>**November 10, 2013**</u>        <u>      **/s/ Sheila K. Oberto**</u>
                                    UNITED STATES MAGISTRATE JUDGE

14